JEFFREY *versus* GRANT & *al.*

Where a written agreement is entered into respecting a particular transaction, the parties to it are regarded as intending to secure to each other their *entire* rights.

Thus, where a seaman agreed in writing with the owners and skipper of a fishing vessel, that for his services for the season, he should have his share of one half the fish, he is not entitled to any portion of the bounty earned by the vessel.

The statute of the United States allowing fishermen a share of the bounty has no operation, when the agreement between them and the owners stipulates the compensation for their services, without any reference to it.

ON FACTS AGREED.

ASSUMPSIT, to recover a share of the "fishing bounty" of schooner Araunah during the fishing season of 1852. [Defendants were the owners of the vessel.]

On May 11th of that year, plaintiff signed what is usually called "shipping papers," being an agreement between the owner, skipper and fishermen, as to the terms of the voyage, in which he agreed to ship for the season, and continued in the vessel for the greater part of it.

The owners were to equip the schooner with all necessary supplies and tackle for the fishing business, and the plaintiff was to have his share of one-half of the fish, after deducting one-sixteenth for the shoremen or curers.

The clauses usually found in the printed forms of such agreements, relating to the deduction of the expense for the general supplies commonly called *great general charge,* and of accounting with the fishermen for their share of the allowance to the owner, which he is entitled to receive of the Collector of the Port, as bounty, were stricken out.

Some evidence as to the custom, under similar agreements, of the disposition of the bounty, and also as to demand of the plaintiff's share was introduced.

The case was submitted for a decision.

*Wilkinson,* for defendants.

*Nye,* for plaintiff.

1. This action is founded on § 5 of the Act of Congress,

of July 29, 1813, which has not been repealed, as contended on the other side.

But it is said, that if not repealed, the plaintiff cannot recover, because he has waived his right to a share of the allowance, by showing that words which would have secured to him such share, were erased from the printed formula of the agreement signed by the parties. We say—

2. The *law*, independent of the agreement, bestows a share of the allowance upon the fishermen. With or without the words erased, the rights of the parties were the same. Those rights are fixed ·by *statute*. The defendants might not have chosen to enter into a *contract* to do what the *law* already requires. At most the erasure of words can only raise a presumption that the fishermen were not to have a share of the bounty, and surely the operation of a positive law ought not to be suspended by a bare presumption.

To the objection that plaintiff furnished none of the general supplies, it is a sufficient answer that he never agreed to do so.

3. But the owners expressly agree " to account with the fishermen for their interest in said fishing voyage."

SHEPLEY, C. J.—This suit was commenced to recover a share of the bounty paid to the owners of the schooner Araunah, for her employment during the fishing season of 1852.

The plaintiff was not employed as one of her fishermen, during the whole time required by law to entitle her to receive the bounty. Nor was that necessary to entitle him to receive some share of it. The Act of Congress, approved on July 29, 1813, c. 34, § 5, provides, that five-eighths of it shall be paid to the fishermen, who shall have been employed during the season, " or a part thereof," in proportion to the fish taken by them. This provision does not appear to have been repealed by the Act approved on March 3, 1819, which changes the amount of the bounty to be allowed, and repeals so much of the fifth and sixth sections of the former Act as

are inconsistent therewith. No inconsistency is perceived between the provisions of those Acts with respect to the distribution of the bounty.

The parties in this case made a written agreement to secure to each other their respective rights in the employment of that vessel, for the fishing season. Parol testimony cannot be received to contradict or vary it. Any fact, which will not have such effect, may be proved. The manner in which the plaintiff entered upon that service and what he took with him, has been proved. He does not appear to have furnished any share of the provisions or supplies denominated "great general charge." Nor did he, by the contract, engage to furnish any, or to pay the owners for furnishing them, or to allow them to deduct his share of them from his share of the proceeds. On the contrary he was entitled to receive his share of one half of the fish, or of their proceeds, without any such deduction. The other half being appropriated as compensation for use of the vessel. By the agreement he was not entitled to receive any share of the bounty. He claims it by virtue of the provisions of the statute. These rights may be relinquished by a contract, as well as new ones acquired.

If the agreement was not intended by the parties, and does not secure to them all their legal rights, not surrendered or abandoned, the effect of it will be to allow the plaintiff to recover from the owners of the vessel a share of the bounty, without subjecting him to the payment, of any thing for the "great general charge." It would thus operate unequally and unjustly. When parties make a written agreement respecting a particular transaction or voyage, they are regarded as intending to secure to all parties their entire rights. Such must be considered their intention by the agreement presented in this case.          *Plaintiff nonsuit.*

HOWARD, RICE, HATHAWAY and CUTTING, J. J., concurred.